[ iMURRAY, Judge,
dissents.
I respectfully dissent.
The trial court correctly concluded that the statutes at issue established “new rules, rights and duties specifically relating to relief from family violence that occurs when the victimized family is divorced or separated.” Because of this the court found that the statutes were substantive, and refused to apply them retroactively to the retrial of this case.
If this Act is applied retroactively Mr. Bruscato will lose custody of his child as well as his right to unsupervised visitation. Even *76 his right to supervised visitation with his child will be conditioned upon his participation and completion of a treatment program.
The Louisiana Supreme Court has held that the parent’s right to a family relationship with his or her child is an interest that far surpasses any property rights. State In Interest of A.C., 643 So.2d 743, 748 (La.1994). The statutes at issue change the substantive law with regard to that right. They are not merely procedural.
The Act creates an irrebuttable presumption — a parent who has a history of family violence is unfit to have joint or sole custody or unsupervised visitation. The consequence of that presumption is to deprive the perpetrating parent of the right to a family relationship with his or her child. The parent cannot show that, despite the history, he or she is fit. The presumption is not rebuttable in the usual sense. The statute simply provides that the result of the presumption, the restriction of the parent’s relationship with the child, may be overcome when it is shown, by a preponderance of the evidence, that the perpetrating parent has complied with certain requirements and that particular circumstances exist.